UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WORLDWIDE HOME PRODUCTS, INC.,

        Plaintiff,

-v-                                  No. 11 Civ. 03633 (LTS)(MHD)

BED BATH AND BEYOND, INC., and
COHESION PRODUCTS, INC.,

        Defendants.

-------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

Plaintiff Worldwide Home Products, Inc. ("Plaintiff" or "Worldwide") brings this action against defendants Bed Bath and Beyond, Inc. ("BB&B") and Cohesion Products, Inc. ("Cohesion") (collectively "Defendants") alleging patent infringement and inducement of patent infringement. Defendants' answer asserted several affirmative defenses and counterclaims. Plaintiff now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendants' First, Second, Third, and Fourth Counterclaims for failing to state a claim on which relief can be granted. Plaintiff also moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Defendants' Fifth Affirmative Defense and their First, Second, and Third counterclaims.[1] The Court has jurisdiction of this matter under 28 U.S.C. § 1331. The Court has considered carefully all of the parties' arguments and submissions. For the following reasons, Plaintiff's motion is

---

[1] In its introduction, Plaintiff stylizes its motion as a motion to strike the First, Second, and Third Counterclaims, and the Fifth Affirmative defense, and as a motion to dismiss the Fourth Counterclaim. However, Plaintiff's argumentation is more consistent with the Court's above characterization.

granted in part and denied in part.

## BACKGROUND

A full summary of the allegations in the Amended Complaint is contained in the Order of December 21, 2012 (docket entry no. 147), disposing of Defendants' motion to dismiss. Familiarity with that decision is presumed.

## DISCUSSION

I.  Legal Standards

   A.  Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are viewed with disfavor and are infrequently granted. See, e.g., Wireless Ink Corp. v. Facebook, Inc., 787 F. Supp. 2d 298, 313 (S.D.N.Y. 2011). "The standard for striking an affirmative defense is three-pronged: (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." Specialty Minerals, Inc. v. Pluess–Staufer AG, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005).

   B.  Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the movant's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint [or counterclaim] must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

II.   Application

    A.   Motion to Strike Defendants' Fifth Affirmative Defense

Defendants' Fifth Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands" based on Plaintiff's "misrepresentations . . . during the prosecution of the patent application resulting in the '300 patent and, further, Plaintiff's intentional withholding of information from the USPTO that is material to the patentability of the '300 patent." Plaintiff argues that "unclean hands" is an equitable defense to equitable claims and is inapplicable to this suit, which seeks damages.

Plaintiff's contention is meritless. Unclean hands is not merely a defense to equitable claims. Rather, "[i]f inequitable conduct occurred with respect to one or more claims of an application, the entire patent is unenforceable." Impax Laboratories, Inc. v. Aventis Pharmaceuticals Inc., 468 F.3d 1366, 1375 (Fed. Cir. 2006). Accordingly, Plaintiff's motion to strike the Fifth Affirmative Defense is denied.

    B.   Motion to Dismiss Defendants' First and Second Counterclaims

Defendants' First and Second Counterclaims seek declaratory judgments of noninfringement and invalidity/unenforceability of the '300 Patent. Plaintiff moves to dismiss these claims to the extent that they seek declaratory relief as to patent claims that Plaintiff does not assert. In their opposition, Defendants seek to amend their pleading to clarify that

Defendants seek such relief against the "asserted" '300 patent claims. Defendants' request is granted. The motion to dismiss the First and Second Counterclaim is granted, without prejudice to the filing of amended counterclaims consistent with Defendants' application.

C. Motion to Dismiss Defendants' Third Counterclaim

Defendants' Third Counterclaim seeks a declaratory judgment that the '300 patent is invalid and unenforceable due to Plaintiff's alleged inequitable conduct during the prosecution of the patent application. Specifically, Defendants allege that Plaintiff knowingly provided misleading information to the patent examiner and that, but for its fraudulent conduct, Plaintiff's patent would not have been approved. Plaintiff moves to dismiss the counterclaim, arguing that a finding of inequitable conduct does not invalidate the patent but, rather, renders it unenforceable. Courts regularly use the terms invalidity and unenforceability interchangeably when adjudicating challenges predicated on allegations of inequitable conduct during the patent prosecution. See, e.g., In re OxyContin Antitrust Litig., 530 F. Supp. 2d 554, 558 (S.D.N.Y. 2008); REFAC Int'l, Ltd. v. Lotus Dev. Corp., 887 F. Supp. 539, 540 (S.D.N.Y. 1995) aff'd, Refac Int'l, Ltd. v. Lotus Dev. Corp., 81 F.3d 1576 (Fed. Cir. 1996). Plaintiff, which devotes a mere half-page of its motion to argumentation about the Third Counterclaim, does not cite any authority holding that a declaration of invalidity is an unavailable remedy for fraudulent conduct, nor does it explain what rides on the distinction between invalidity and enforceability.

Accordingly, Plaintiff's motion to dismiss the Third Counterclaim is denied.

D. Motion to Strike Defendants' First, Second, and Third Counterclaims

Plaintiff moves to strike Defendants' First, Second, and Third Counterclaims on the grounds that they are merely "mirror images" of Plaintiff's causes of action. Ruke 12(f)

provides that "the court may strike from a pleading . . . any redundant . . . matter." Fed. R. Civ. P. 12(f). When a counterclaim is merely the "mirror image" of an opposing party's claim and the counterclaim serves no independent purpose, the counterclaim may be dismissed. Arista Records LLC v. Usenet.com, Inc., No. 07 Civ. 8822, 2008 WL 4974823, *3 (S.D.N.Y. Nov. 24, 2008). In determining whether a counterclaim is merely a mirror image of a claim, the court must consider whether a case or controversy would still exist in connection with the counterclaim if the court entered a judgment dismissing the opponent's claim. Id. (citing Larson v. General Motors Corp., 134 F.2d 450, 452 (2d Cir. 1943)).

Defendants' First Counterclaim, which seeks a declaration of non-infringement, is nothing more than its First Affirmative Defense repackaged and is a mirror image of Plaintiff's claim. A dismissal of Plaintiff's infringement action would necessarily resolve it. Therefore, the First Counterclaim is struck as redundant.

Defendants' Second and Third Counterclaims are a different matter. These Counterclaims allege invalidity, which is legally and factually distinct from infringement. See Arista Records LLC, at *3; Maverick Recording Co. v. Chowdhury, Nos. 07 Civ. 200 & 07 Civ. 640(DGT), 2008 WL 3884350, at *2 (E.D.N.Y. Aug. 19, 2008). The Supreme Court has stated that a counterclaim for a declaration of invalidity may be entertained even after a court finds in plaintiff's favor on the infringement question and dismisses the complaint. Cardinal Chem. Co.

v. Morton Int'l, Inc., 508 U.S. 83, 95-98 (1993).[2] Accordingly, the motion to strike the Second and Third Counterclaims is denied.

    E.    <u>Motion to Dismiss Defendants' Fourth Counterclaim</u>

Defendants allege that Plaintiff, "by virtue of its continued attempts to misuse the '300 patent, knowing that it procured the '300 patent by a willful fraud on the USPTO, has purposefully and intentionally attempted to obtain a monopoly in violation of Section 2 of the Sherman Acts, 15 U.S.C. § 2." The tactic by which Plaintiff has allegedly attempted to obtain a monopoly is filing lawsuits to enforce its patent.

To state a section 2 claim for attempted monopolization, a plaintiff must allege "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." <u>Bayer Schering Pharma AG v. Sandoz, Inc.</u>, 813 F. Supp. 2d 569, 578 (S.D.N.Y. 2011) (quoting <u>Spectrum Sports, Inc. v. McQuillan</u>, 506 U.S. 447, 456 (1993)). "A threshold showing for a successful attempted monopolization claim is sufficient market share by the defendant because a defendant's market share is the primary indicator of the existence of a dangerous probability of success." <u>AD/SAT, Div. of Skylight, Inc. v. Associated Press</u>, 181 F.3d 216, 227 (2d Cir. 1999) (internal quotation marks omitted).

---

    2    Plaintiff argues that there is no subject matter jurisdiction over the declaratory relief counterclaims because Plaintiff has not made "threats of enforcement against Defendants' customers, for example, that would remain should Plaintiff's suit be disposed of." (Pl's Memo. at 5.) However, the Supreme Court held in <u>Cardinal Chem. Co.</u> that, once a plaintiff has filed suit for patent infringement, the case-and-controversy regarding the patent's validity will survive the dismissal based on a finding of non-infringement. 508 U.S. at 96.

Defendants have not alleged any facts in support of their contention that Plaintiff's behavior creates a "dangerous probability of achieving monopoly power." Defendants contend that there are "no other clothes hanger products that are reasonably interchangeable with or substitutable for cascading hangers." (Answer ¶ 32.) However, this directly contradicts Defendants' contention that the Merrick hanger – which is available in the market (see Ex. A to Answer) – is prior art. (Answer ¶ 23.) Defendants have not provided even a rough estimate of – or attempted to characterize in any way – the market share breakdown of the Merrick hanger and products that fall within the '300 Patent. Nor have Defendants pled any facts to support their otherwise conclusory contention that this lawsuit raises "the specter of a dangerous probability of success in driving out competing suppliers, distributors and sellers." (Id. ¶ 32.)

Accordingly, the motion to dismiss the Fifth Counterclaim is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted insofar as it seeks to dismiss and strike the First Counterclaim, and insofar as it seeks to dismiss the Second and Fourth Counterclaims. It is denied in all other respects. Plaintiff may file an amended answer including counterclaims consistent with its application to amend the First and Second Counterclaims, no later than February 6, 2013. This Memorandum Opinion and Order resolves docket entry no. 100.

SO ORDERED.

Dated: New York, New York
January 22, 2013

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge