UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WORLDWIDE HOME PRODUCTS, INC.,

       Plaintiff,

  -v-                                                           No.  11CV3633-LTS-MHD

BED, BATH AND BEYOND, INC. et al.,

       Defendants.

--------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       Plaintiff Worldwide Home Products, Inc. ("Worldwide"), brought this suit against Defendants Bed, Bath and Beyond, Inc., and Cohesion Products Inc. ("Defendants"), for patent infringement, claiming that the "Real Simple Slimline Hanger" (the "Slimline Hanger") infringes upon U.S. Patent No. 7,938,300 (the "'300 Patent") and that former defendants Time, Inc. ("Time"), and Sherry Hanson ("Ms. Hanson") induced the infringement.  Plaintiffs' claims against Time and Ms. Hanson were dismissed on December 21, 2012, for failure to state a claim.  (See docket entry no. 147.)  Defendants and Counterclaimants Bed Bath & Beyond, Inc. ("BBB") and Cohesion Products, Inc. ("Cohesion") (together, "Defendants") move for sanctions pursuant to Federal Rule of Civil Procedure 11 against Worldwide for filing claims against Time and Ms. Hanson.

       The Court has thoroughly reviewed the submissions of the parties and, for the following reasons, the motion is denied.

BACKGROUND[1]

This motion arises from a patent infringement case brought by Worldwide concerning certain stackable hangers.

Ms. Hanson is a buying agent for household products for BBB. Time is a subsidiary of Time Warner, a company that owns over 90 magazines. Time also owns the trademark for the REAL SIMPLE brand of household products. Time licenses the use of that mark to Defendant BBB. In 2009, BBB arranged for suppliers of hangers to participate in an auction, and both Cohesion and Worldwide participated. Ms. Hanson thereafter attended a meeting with BBB employees and Worldwide employees to determine whether BBB would sell the Clutterfree Hanger owned by Worldwide. BBB agreed to sell the hanger on a trial basis to evaluate the product. BBB decided, after the trial period, to discontinue sale of the Clutterfree Hanger. BBB decided to purchase a hanger produced by Cohesion, and to sell it under Time's REAL SIMPLE trademark.

In February 2010, Worldwide wrote to inform Time and BBB of Worldwide's pending application for a patent on its hanger, U.S. Patent Application Serial No. 12/182,351 ("the ''351 application"). The claims in this action are premised on infringement of the resulting patent, U.S. Patent No. 7,938,300 (the "'300 patent"). The February 2010 letters indicated that Worldwide believed that the Cohesion hangers sold by BBB might infringe on the patent rights as to which Worldwide's application was pending. The '300 patent was issued on May 10, 2011.

On May 27, 2011, Worldwide filed a complaint alleging that each of the

---

[1] The following material facts are drawn from Defendants' exhibits and are not disputed by Worldwide.

Defendants had infringed its rights under the '300 patent.  Defendants perceived that Worldwide did not allege facts sufficient to state a cause of action for direct infringement against either Time or Ms. Hanson.  Defendants accordingly requested that Worldwide dismiss its claims against Time and Ms. Hanson.  Plaintiff did not withdraw the claims against Time and Hanson.  The Defendants filed an answer with affirmative defenses and counterclaims.  Defendants again asked Worldwide to withdraw its claims against Time and Ms. Hanson, proffering case law that Defendants believed would control the matter.  Worldwide did not respond to this request.  Instead, Worldwide filed a motion to strike the affirmative defenses and counterclaims, which was denied by this Court on September 9, 2011.  (Docket entry no. 24.)

In February 2012, Defendants sent Worldwide a letter notifying it of their intention to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2) against both Worldwide and its attorney for pursuing claims against Time and Ms. Hanson. (Docket entry no. 202, at Ex. 10.)  Worldwide filed a motion to amend its complaint on February 17, 2012, asserting that it wished to limit its patent claims and to "plead additional facts to support its patent infringement claim against Time Inc. and Sherry Hanson," attaching its proposed amended complaint to the motion.[2]  (Docket entry no. 57.)  The Court granted Worldwide's motion on April 20, 2012, and the amended complaint was deemed served on that date.  (Docket entry no 83.)  The amended complaint charged Time and Ms. Hanson with contributory infringement of its patent rights, rather than direct infringement.

Defendants filed a motion to dismiss the amended complaint as against Time and

---

[2]   Defendants characterize Worldwide's claim limitation rationale as a cover for an undisclosed goal of amending the claims against Time and Ms. Hanson. Worldwide, however, clearly disclosed both goals in its motion papers.  (See docket entry no. 57.)

Ms. Hanson, arguing that the complaint did not allege that Time or Ms. Hanson had engaged in any activity that exposed them to liability for patent infringement, focusing on the argument and authorities it had brought to Worldwide's attention in the prior correspondence and in Defendants' Rule 11 notice to Worldwide.  (Compare docket entry no. 93 with docket entry no. 202, at Ex. 10.)

    The Court rejected Worldwide's argument that the Complaint stated a claim against Ms. Hanson based on conduct before and after the issuance of the patent, finding Worldwide's factual allegations insufficient: "[t]he Complaint alleges that Hanson encouraged BB&B to purchase and sell the Slimline Hangers, a practice which began 'shortly after [] June 1, 2009.'  It does not allege that Hanson committed any acts of inducement after the patent's issuance, two years later in May 2011."  (Docket entry no. 147 at Pg. 4.)  Worldwide also argued that National Presto Industries v. West Bend Company, 76 F.3d 1185, 1196 (Fed. Cir. 1996)), which held that a plaintiff could not state a cause of action for inducing infringement of a patent based on acts before the patent was issued, had been abrogated legislatively by 35 U.S.C. § 154(d) ("Section 154(d)").  The Court disagreed, observing that there were no reported decisions postdating the enactment of Section 154(d) that supported the position that National Presto was no longer controlling and that the reported lower court decisions concerning the matter were to the contrary.  (Docket entry no. 147 at pg. 4.)

    Worldwide argued that Time had infringed the '300 Patent by failing to terminate its licensing agreement for REAL SIMPLE once it understood that the Cohesion hangers "fell within the scope of the '351 Application" and the patent.  The Court held that Worldwide had not sufficiently pleaded facts demonstrating that Time had the culpable state of mind required to infringe the patent after its issuance.  (Docket entry no. 147 at pg. 4.)

Defendants argue, based on the insufficiency of the factual allegations, that Worldwide violated Rule 11 by filing its initial complaint against Time and Ms. Hanson and by filing the amended complaint after Defendants had repeatedly pointed out the insufficiency of Worldwide's charges against those Defendants and served its Rule 11 notice. In light of what Defendants deem the facial implausibility of Worldwide's complaints and Worldwide's persistence in pressing its claims, Defendants urge the Court to infer that Worldwide's only motive in initiating and continuing the litigation as against Time and Ms. Hanson was to harass and continue its pressure on Time's co-defendants, Cohesion and BBB.

## DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure provides that an attorney's presentation of a pleading or other submission to a court constitutes a certification:

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery [.]

Fed. R. Civ. P. 11(b).

"Sanctions may be – but need not be – imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 (2d Cir. 2012). The standard for sanctionable conduct is objective reasonableness, and therefore

the court need not make a finding of bad faith. See In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003). The Supreme Court has instructed courts to read Rule 11 to "give effect to the Rule's central goal of deference" but cautiously "in light of concerns that it will . . . chill vigorous advocacy." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990); see also Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 659 (S.D.N.Y. 1996), aff'd, 113 F.3d 1229 (2d Cir. 1997) ("Sanctions must, however, be imposed carefully, lest they chill the creativity essential to the evolution of the law."). Courts therefore "resolve all doubts in favor of the party against whom sanctions are sought." Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993). In that vein, a court should sanction a party only where it is "patently clear that a claim has absolutely no chance of success." Abdelhamid v. Altria Grp., Inc., 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) (quoting Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994)).

Although Worldwide raised claims in the amended complaint that ultimately failed as to Time and Ms. Hanson, the claims were not so lacking in factual or legal support as to render them clearly frivolous to a reasonable attorney. It is notable that Worldwide retreated from its direct infringement claims after receiving Defendants' correspondence and notices, advancing instead in defense of the re-framed Amended Complaint an indirect infringement argument based on a statutory amendment that permits the award of royalties for pre-infringement conduct under certain circumstances. The argument was not clearly precluded by any controlling case law. The imposition of sanctions under circumstances such as these could tend to chill legitimate, creative advocacy. See Katzman, 167 F.R.D. at 659-61. Worldwide also proffered factual allegations as to Time's involvement in the infringement, that, while ultimately insufficient, were not so lacking in substance as to render them frivolous. (See docket entry no.

147 at pg. 4 (noting that, although Worldwide alleged it notified Time in February 2010 that the Slim Line Hanger fell within the scope of the patent application, it did not allege that Time was aware that the patent application had been granted).)  Defendants' argument that Plaintiff misrepresented the purpose of its proposed complaint amendments is inconsistent with the record (see supra note 2) and thus provides no proper basis for sanctions.

Finally, although Plaintiff's claims against Time and Ms. Hanson were never more than thin and were properly dismissed, the Court finds insufficient support in the record for an inference that the claims were asserted solely for the improper purposes of harassing any of the Defendants or exerting settlement pressure on BBB and Cohesion.  Accordingly, Defendants' motion for the imposition of Rule 11 sanctions is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for sanctions is denied.

This Order resolves docket entry no. 200.

SO ORDERED.

Dated: New York, New York
       September 30, 2014

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge